**WATHEN | LEID | HALL| RIDER P.C.**
Rory W. Leid, III, WSBA #25075
*Attorneys for Plaintiff*
222 Etruria Street
Seattle, WA 98109-6243
Tel: (206) 622-0494 | Fax: (206) 587-2476
rleid@wlhr.legal

# UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF WASHINGTON AT RICHLAND

| | |
|---|---|
| OREGON MUTUAL INSURANCE COMPANY, a foreign insurance company,<br><br>Plaintiff,<br><br>v.<br><br>ALEXANDER THE GRAPE LLC, a Washington limited liability company,<br><br>Defendant. | No. 4:25-cv-05181<br><br>**COMPLAINT FOR DECLARATORY RELIEF PURSUANT TO 28 USC §2201, 1332, 1391** |

**COMES NOW**, Oregon Mutual Insurance Company, through their counsel of record, Rory W. Leid, III, of Wathen | Leid | Hall| Rider P.C., and presents the following Complaint for Declaratory Relief.

///

Case No. 4:25-cv-05181
COMPLAINT FOR DECLARATORY RELIEF - 1

WATHEN | LEID | HALL | RIDER, P.C.
222 ETRURIA STREET
SEATTLE, WA 98109
(206) 622-0494/FAX (206) 587-2476

## I.  PARTIES

1.1  Plaintiff, Oregon Mutual Insurance Company (hereinafter "Oregon Mutual"), is a foreign insurer licensed to conduct business in the State of Washington, incorporated in and with its principal place of business in Oregon State. For the purposes of this complaint, Oregon Mutual is a citizen of the State of Oregon.

1.2  Defendant, Alexander the Grape LLC (hereinafter "Alexander the Grape"), is the policyholder and named insured on Oregon Mutual's policy no. SMO 5431923045 (hereinafter "Policy"), at issue in this declaratory action. Based on information and belief, Alexander the Grape is a limited liability company organized under the laws of the State of Washington. Upon further information and belief, the membership interest in Alexander the Grape is held by Alexander Gelles, who is domiciled in the State of Washington. For purposes of this complaint, Alexander the Grape is a citizen of the State of Washington.

## II.  JURISDICTION

2.1  This Court has subject matter jurisdiction over this action for a declaratory judgment pursuant to 28 U.S.C. §2201 because an actual justiciable controversy exists between the parties within this Court's

Case No. 4:25-cv-05181
COMPLAINT FOR DECLARATORY RELIEF - 2

WATHEN | LEID | HALL | RIDER, P.C.
222 ETRURIA STREET
SEATTLE, WA 98109
(206) 622-0494/FAX (206) 587-2476

jurisdiction. This action involves a dispute regarding the application of insurance coverage for a claim arising from a mechanical breakdown in the cooling system within a wine storage facility that occurred on or about June 10, 2025.

2.2  This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. §1332(a) because Alexander the Grape has a claimed loss of over $3,500,000, of which the amount of applicable limits is disputed based on policy language, exclusions, and endorsements.

2.3  The amount in controversy exceeds $75,000, and the action is between citizens of different states.

2.4  This Court has personal jurisdiction over Oregon Mutual because it is a corporation that does business in Washington State. The Court has personal jurisdiction over Defendant because this lawsuit and events in this complaint took place in Benton County, Washington. Additionally, all claims arise out of events that occurred in the State of Washington.

2.5  Venue is proper pursuant to 28 U.S.C. §1391(a) because this lawsuit and events in this complaint took place in Benton County, Washington, which is within the judicial district of the United States District Court for the Eastern District of Washington.

Case No. 4:25-cv-05181
COMPLAINT FOR DECLARATORY RELIEF - 3

WATHEN | LEID | HALL | RIDER, P.C.
222 ETRURIA STREET
SEATTLE, WA 98109
(206) 622-0494/FAX (206) 587-2476

2.6   Pursuant to LCR 3(e), the claim arose in the County of Benton, Washington. As such, this suit should be assigned to the Richland Division.

### III.   STATEMENT OF FACTS

**A. Background**

3.1   On or about July 1, 2024, Oregon Mutual Insurance Company Policy No. SMO 5431923045 to Alexander the Grape LLC, providing Business Auto, Commercial Property, Commercial Farm, and Commercial General Liability insurance, subject to all terms, conditions, limitations, and exclusions set forth therein.

3.2   The Policy was effective from July 1, 2024, through July 1, 2025, and listed Alexander the Grape LLC as the named insured. The Policy was issued in Washington, where the insured operated its business during the policy period.

3.3   On or about June 10, 2025, the insured discovered that the HVAC system responsible for cooling his wine-storage containers were not functioning, and that the stored wine inventory had been exposed to elevated temperatures (the "Loss"). The Loss occurred at 1190 E. 388 PR NE, Benton City, Washington, where the insured maintains

Case No. 4:25-cv-05181
COMPLAINT FOR DECLARATORY RELIEF - 4

WATHEN | LEID | HALL | RIDER, P.C.
222 ETRURIA STREET
SEATTLE, WA 98109
(206) 622-0494/FAX (206) 587-2476

metal storage containers outfitted with an air-conditioning unit to maintain a controlled temperature for the wine.

3.4 This location is identified in the Commercial Property coverage part as Location 002, Building 001 and 002 ("Metal Container"). Because the Loss does not involve the use of auto, commercial farm, or asserted liability claim, the only applicable coverage parts are Commercial Property Coverage.

3.5 The Loss was reported to Oregon Mutual on July 1, 2025, approximately twenty days after the Loss occurred and after initial repairs had already been completed.

**B. Mechanical Breakdown**

3.6 According to Alexander Gelles, the owner of Alexander the Grape, LLC, on or about June 10, 2025, Alexander entered the metal storage container to remove wine and discovered that the interior was very warm. Upon inspection, he observed that the breaker for the air-conditioning unit had tripped. When attempting to reset it, he noticed refrigerant gas escaping from the unit.

3.7 Documentation provided by the insured indicates that on June 11, 2025, Bruce Heating & Air Conditioning, Inc. inspected the condenser unit and determined that the compressor had failed and

Case No. 4:25-cv-05181
COMPLAINT FOR DECLARATORY RELIEF - 5

WATHEN | LEID | HALL | RIDER, P.C.
222 ETRURIA STREET
SEATTLE, WA 98109
(206) 622-0494/FAX (206) 587-2476

was leaking at the terminal. After inspection, the technician provided a repair quote to the insured.

3.8  On June 20, 2025, a technician from Bruce Heating & Air Conditioning returned to the site, installed a new compressor, tested the system, and completed the repair. At the insured's request, the mechanic left the removed parts with him.

3.9  On August 4, 2025, the insured contacted Bruce Heating & Air Conditioning again, reporting that the outdoor unit was not running. A technician inspected the system and found the contactor melted, though the compressor remained functional. After replacing the contactor and testing the system, he noted a strong suspicion of an underlying power-supply issue.

3.10  On August 23, 2025, Bruce Heating & Air Conditioning returned to the property and again found the contactor severely burnt. The technician replaced the contactor and confirmed that the air-conditioning unit was operating and cooling normally at that time.

**C. Coverage Issues**

3.11  Under the **Commercial Property Form CP 1030 1000** (Causes of Loss – Special Form), Section B.2.d.6., the Policy excludes loss or damage caused by or resulting from mechanical breakdown, except

Case No. 4:25-cv-05181
COMPLAINT FOR DECLARATORY RELIEF - 6

WATHEN | LEID | HALL | RIDER, P.C.
222 ETRURIA STREET
SEATTLE, WA 98109
(206) 622-0494/FAX (206) 587-2476

in circumstances involving elevator collision, which are not at issue here. Standing alone, this exclusion would bar coverage for losses arising from the failure of the HVAC system.

3.12 However, the insured purchased additional endorsements that modify the standard exclusion and provide limited coverage for spoilage resulting from mechanical breakdown. First, the **Commercial Property Form M2623** (Special Cluster Endorsement – Spoilage of Perishable Stock) affords coverage for "perishable stock" damaged due to a change in temperature or humidity resulting from mechanical breakdown or failure of refrigerating, cooling, or humidity-control equipment located at the described premises. The maximum payable under this endorsement is $15,000 in any one occurrence

3.13 Second, **Commercial Property Form M2475 0217** (Equipment Breakdown Coverage, Including Electronic Circuitry), Section A.2.h. Spoilage provides additional spoilage coverage for physical damage to "perishable goods" caused by spoilage. This endorsement contains a separate limit of $25,000 per occurrence.

3.14 Accordingly, while mechanical breakdown is generally excluded under the Causes of Loss – Special Form, the endorsements

Case No. 4:25-cv-05181
COMPLAINT FOR DECLARATORY RELIEF - 7

WATHEN | LEID | HALL | RIDER, P.C.
222 ETRURIA STREET
SEATTLE, WA 98109
(206) 622-0494/FAX (206) 587-2476

purchased by the insured collectively provide limited spoilage coverage up to a **combined maximum of $40,000** for loss or damage to "perishable goods," subject to all applicable terms, conditions, and limitations.

**D. Failure to Mitigate Losses**

3.15 Each applicable coverage part requires the insured, in the event of loss or damage, to take all reasonable steps to protect Covered Property from further damage. The Policy further states that Oregon Mutual may have no duty to provide coverage if the insured's failure to perform these duties is prejudicial.

3.16 The insured discovered the malfunctioning air-conditioning unit on June 10, 2025, and a mechanic inspected the equipment on June 11, 2025, determining that the cooling system had failed. Although an estimate was provided, repairs were not performed until June 20, 2025.

3.17 During this period, the insured did not remove the wine stored inside the metal container nor did he implement temporary cooling measures, such as a portable air conditioning unit or cooling generators, despite knowing that the cooling system was nonfunctional.

Case No. 4:25-cv-05181
COMPLAINT FOR DECLARATORY RELIEF - 8

WATHEN | LEID | HALL | RIDER, P.C.
222 ETRURIA STREET
SEATTLE, WA 98109
(206) 622-0494/FAX (206) 587-2476

3.18 On July 1, 2025, the insured reported the Loss to Oregon Mutual, after initial repairs had already been completed. The lack of prompt reporting prejudiced Oregon Mutual from being able to provide critical guidance to the insured in the event of a claim, including for the mitigation of damages, and prevented Oregon Mutual from being able to put the insured on additional notice regarding his Duties under the Policy.

3.19 Additional unreported mechanical failures occurred on August 4 and August 23, 2025. Available information indicates that the wine was not removed nor was a replacement cooling system installed throughout these subsequent breakdowns as well.

3.20 These subsequent breakdowns were not reported to Oregon Mutual and were discovered by HSB during a subsequent investigation into the air conditioning repairs, through information provided by Bruce Heating & Air Conditioning.

3.21 Without knowledge of the additional mechanical failures, on August 13, 2025, after reviewing the documentation, HSB issued payment of $4,184.25 for loss under an equipment breakdown policy, reflecting the $5,184.25 invoice minus the $1,000 deductible.

Case No. 4:25-cv-05181
COMPLAINT FOR DECLARATORY RELIEF - 9

WATHEN | LEID | HALL | RIDER, P.C.
222 ETRURIA STREET
SEATTLE, WA 98109
(206) 622-0494/FAX (206) 587-2476

3.22 On August 26, 2025, approximately three days after Bruce Heating & Air Conditioning's third repair, the insured asserted that more than $3,500,000 in wine inventory had been spoiled as a result of the breakdown.

3.23 Although the asserted amount has not yet been fully investigated, a question remains as to whether coverage applies where the insured allegedly failed to take reasonable steps to mitigate further damage to Covered Property.

## IV. COVERAGE ISSUES

4.1 There is an actual and justiciable controversy as to Oregon Mutual's obligations under the policy.

4.2 The issue to be decided in this declaratory judgment action is the extent of coverage, if any, available under the Policy for the spoilage loss claimed by Alexander the Grape.

4.3 It is Oregon Mutual's position that coverage is generally barred by the mechanical breakdown exclusion. However, the Special Cluster Endorsement and the Equipment Breakdown Coverage endorsement collectively provide a limited exception to this exclusion, with a maximum combined limit of $40,000 for spoilage of "perishable goods.".

Case No. 4:25-cv-05181
COMPLAINT FOR DECLARATORY RELIEF - 10

WATHEN | LEID | HALL | RIDER, P.C.
222 ETRURIA STREET
SEATTLE, WA 98109
(206) 622-0494/FAX (206) 587-2476

4.4 Washington law permits insurers to rely on policy exclusions, endorsements, and limitations when evaluating coverage. *See, e.g., Vision One LLC v. Phila. Indem. Ins. Co.,* 174 Wn.2d 501, 276 P.3d 300 (2012) (enforcing exclusions and interpreting endorsements pursuant to their terms); *Kish v. Ins. Co. of N. Am.,* 125 Wn.2d 164, 883 P.2d 308 (1994) (policy terms enforced as written unless ambiguous).

4.5 Oregon Mutual reserves the right to identify additional provisions of the policy of insurance that may affect its rights and obligations as it relates to the subject claim.

V.    REQUEST FOR DECLARATORY RELIEF

5.1 An actual and justiciable controversy exists between the parties regarding the scope of coverage available for the Loss described above. The controversy is definite, concrete, and of sufficient immediacy to warrant the issuance of a declaratory judgment.

5.2 Pursuant to 28 U.S.C. §2201, Oregon Mutual respectfully requests that the Court enter declaratory relief resolving the coverage issues in dispute:

a. A declaration that the Policy's mechanical breakdown exclusion applies to the Loss unless modified by endorsement.

Case No. 4:25-cv-05181
COMPLAINT FOR DECLARATORY RELIEF - 11

WATHEN | LEID | HALL | RIDER, P.C.
222 ETRURIA STREET
SEATTLE, WA 98109
(206) 622-0494/FAX (206) 587-2476

b. A declaration that the only applicable coverage for the Loss arises under the Special Cluster Endorsement and the Equipment Breakdown Coverage endorsement of the Commercial Property Form.

c. A declaration that the maximum amount of coverage available to the insured for spoilage of "perishable goods" under the Policy is $40,000, subject to all applicable terms, conditions, exclusions, and limitations.

## PRAYER FOR RELIEF

**WHEREFORE,** Plaintiff Oregon Mutual respectfully requests this Court to grant the following relief:

1. A declaration that the Policy's mechanical breakdown exclusion applies to the Loss unless modified by endorsement.

2. A declaration that the only applicable coverage for the Loss arises under the Special Cluster Endorsement and the Equipment Breakdown Coverage endorsement of the Commercial Property Form.

3. A declaration that the maximum amount of coverage available to the insured for spoilage of "perishable goods" under the Policy is $40,000, subject to all applicable terms, conditions, exclusions, and limitations.

4. For such other and further relief as the Court deems just and equitable.

Case No. 4:25-cv-05181
COMPLAINT FOR DECLARATORY RELIEF - 12

WATHEN | LEID | HALL | RIDER, P.C.
222 ETRURIA STREET
SEATTLE, WA 98109
(206) 622-0494/FAX (206) 587-2476

DATED this 18th day of December 2025.

**WATHEN | LEID | HALL | RIDER, P.C.**

*s/ Rory W. Leid, III*
Rory W. Leid, III, WSBA #25075
*Attorney for Plaintiff*
222 Etruria Street, Seattle, WA 98109
Tel: (206) 622-0494 | Fax: (206) 587-2476
rleid@wlhr.legal

Case No. 4:25-cv-05181
COMPLAINT FOR DECLARATORY RELIEF - 13

WATHEN | LEID | HALL | RIDER, P.C.
222 ETRURIA STREET
SEATTLE, WA 98109
(206) 622-0494/FAX (206) 587-2476