FILED IN THE
U.S. DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

Sep 23, 2026

SEAN F. MCAVOY, CLERK

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

OREGON MUTUAL INSURANCE COMPANY, a foreign insurance company,

Plaintiff,

v.

ALEXANDER THE GRAPE LLC, a Washington limited liability company,

Defendant.

No. 4:25-CV-05181-SAB

**ORDER GRANTING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT**

Before the Court are Plaintiff's Motion for Summary Judgment, ECF No. 15, and Defendant's Motion for Partial Summary Judgment, ECF No. 17. Plaintiff is represented by Rory W. Leid, III and Emma C. Philbrook. Defendant is represented by Jason R. Donovan. The motions were considered without oral argument.

Defendant Alexander the Grape LLC is a wine maker. Plaintiff is its insurer. After an air-conditioning unit failed in containers where Defendant's wine was being stored, Defendant submitted a claim to Plaintiff for the damage to the wine. In response, Plaintiff brought this declaratory judgment action, seeking a declaration from the Court that its Policy limits the amount of loss Defendant can recover.

//

**Motion Standard**

Summary judgment is appropriate "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). There is no genuine issue for trial unless there is sufficient evidence favoring the non-moving party for a jury to return a verdict in that party's favor. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 250 (1986). The moving party has the initial burden of showing the absence of a genuine issue of fact for trial. *Celotex Corp. v. Catrett*, 477 U.S. 317, 325 (1986). If the moving party meets its initial burden, the non-moving party must go beyond the pleadings and "set forth specific facts showing that there is a genuine issue for trial." *Anderson*, 477 U.S. at 248.

In addition to showing there are no questions of material fact, the moving party must also show it is entitled to judgment as a matter of law. *Smith v. Univ. of Wash. Law Sch.*, 233 F.3d 1188, 1193 (9th Cir. 2000). The moving party is entitled to judgment as a matter of law when the non-moving party fails to make a sufficient showing on an essential element of a claim on which the non-moving party has the burden of proof. *Celotex*, 477 U.S. at 323. The non-moving party cannot rely on conclusory allegations alone to create an issue of material fact. *Hansen v. United States*, 7 F.3d 137, 138 (9th Cir. 1993). When considering a motion for summary judgment, a court may neither weigh the evidence nor assess credibility; instead, "the evidence of the non-movant is to be believed, and all justifiable inferences are to be drawn in his favor." *Anderson*, 477 U.S. at 255.

In considering cross motions for summary judgment, the court views the evidence for each of the motions "in the light most favorable to the nonmoving party" for that motion and determines "whether there are any genuine issues of material fact and whether the district court correctly applied the relevant substantive law." *Wallis v. Princess Cruises, Inc.*, 306 F.3d 827, 832 (9th Cir. 2002).

## Undisputed Facts

Alexander the Grape ("ATG") annually produces approximately 250 cases of wine. ATG ages the wine before selling it exclusively to wine club members. At the time of the loss, ATG was aging its wine (dating back to 2008) in two subterranean metal containers in Benton City, Washington. The containers also stored personal wine collections.

In early June 2025, Alexander Gelles discovered issues with the HVAC system for the two containers. He had entered the storage containers to remove wine for an event and discovered that the interior was unusually warm. He also observed that the breaker for the HVAC system had tripped. After he reset the breaker, he noticed gas/vapor escaping from the HVAC system. The HVAC system was repaired, but it failed again on June 20, 2025. On June 30, 2025, ATG reported to Plaintiff that the failure of the air conditioner caused extreme heat which in turn caused the wine stored in the container to go bad. The air conditioner failed another two times due to the contactor (a part which interacts with the compressor) burning in one instance and melting in another.

There is no dispute that the temperature fluctuations materially impacted the stored wine's quality, stability and marketability.

## Analysis

Plaintiff does not dispute the Policy covers the damage to the wine. It maintains the policy limits the amount of loss to $40,000. Defendant maintains the Policy provides coverage for the damaged wine for $1,154,688 ($577,344 policy limits for each container) plus $181,320 for damage to the personal wine collections.

A federal court sitting in diversity applies the forum state's choice of law rules to determine what law applies. *Alaska Rent-A-Car, Inc. v. Avis Budget Grp., Inc.*, 738 F.3d 960, 975 (9th Cir. 2013). There is no choice of law provision in the insurance policy, all events transpired in Washington and Defendant is located in

Washington, so Washington law governs the interpretation of the insurance policies at issue. *See Mulcahy v. Farmers Ins. Co. of Wash*., 152 Wash.2d 92, 100 (2004) ("In the absence of an effective choice of law by the parties, the validity and effect of a contract are governed by the law of the state having the most significant relationship with the contract.") (quotation omitted).

Interpretation of an insurance contract is a question of law. *Quadrant Corp. v. Am. States Ins. Co*., 154 Wash.2d 165, 171 (2005). In Washington, insurance policies are construed as contracts. *Id*. Courts consider the policy as a whole and give it a "fair, reasonable, and sensible construction as would be given to the contract by the average person purchasing insurance." *Id*. (quotations and citations omitted). "The contract will be given a practical and reasonable interpretation that fulfills the object and purpose of the contract rather than a strained or forced construction that leads to an absurd conclusion, or that renders the contract nonsensical or ineffective." *Wash. Pub. Utility Dists.' Utilities Sys. v. Pub. Utility Dist. No. 1 of Clallam Cnty*, 112 Wash.2d 1, 11 (1989) (citation omitted).

Any ambiguities are construed in favor of the insured; but a clause is ambiguous only "when, on its face, it is fairly susceptible to two different interpretations, both of which are reasonable." *Quandrant Corp.*, 154 Wash. 2d at 171.

"Exclusions of coverage will not be extended beyond their clear and unequivocal meaning." *Am. Star Ins. Co. v. Grice*, 121 Wash.2d 869, 875, (1993) (quotation omitted). "When an insured establishes a prima facie case giving rise to coverage under the insuring provisions of a policy, the burden is then on the insurer to prove that a loss is not covered because of an exclusionary provision in the policy." *Id*. (citation omitted). While exclusions are strictly construed against the drafter, a strict application should not trump the plain, clear language of an exclusion. *Quadrant,* 154 Wash.2d at 172 (citation omitted).

As an initial matter, Plaintiff did not violate the Washington insurance

regulations by bringing this declaratory action. There is nothing in the record to suggest that Plaintiff acted in bad faith in bringing this declaratory action. Plaintiff has not denied coverage. Rather it is seeking to determine the scope and extent of the coverage.

Here, the Exclusions and Endorsements in the Policy limit coverage for Plaintiff's losses in the amount of $40,000. The Commercial Property forms insure the wine against covered causes of loss. The causes of loss specifically exclude mechanical breakdown and temperature change causes. Two endorsements—the Equipment Breakdown endorsement and the Special Cluster endorsement—restore limited spoilage coverage for those causes, but coverage is subject to express limits totaling $40,000. The Commercial Farm Policy provides coverage for household personal property. The causes of loss specifically exclude mechanical breakdown and changes in temperature. Finally, the Gold Medal coverage does not independently provide coverage for mechanical-breakdown spoilage.

Accordingly, **IT IS ORDERED**:

1. Plaintiff's Motion for Summary Judgment, ECF No. 15, is **GRANTED**.

2. Defendant's Motion for Partial Summary Judgment, ECF No. 17, is **DENIED**.

3. The District Clerk of Court is directed enter judgment in favor of Plaintiff and against Defendant.

**IT IS SO ORDERED**. The District Court Clerk is hereby directed to enter this Order, provide copies to counsel, and close the file.

**DATED** this 23rd day of September 2026.

Stan Bastian

Stan Bastian
Chief United States District Judge